[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff asserts, in her Four Count Amended Complaint, that she and a third party were owners of certain real property and that the third party took a loan from the defendant secured by a mortgage on the property. The plaintiff signed the mortgage deed but did not sign any note or other documents. The plaintiff further claims that the proceeds of the loan went entirely to the third party.
The defendant has moved to strike the First Count of the complaint on the grounds that it does not allege a recognizable cause of action. The First Count simply alleges that a third party received a loan from the defendant and that the plaintiff did not sign the note but signed the mortgage as security for the payment of the debt. The plaintiff asserts that she received no consideration for the mortgage and has been damaged by the defendant's actions. The allegations of the First Count do not CT Page 6212 place the defendant on notice of any recognizable claim and accordingly, the Motion to Strike the First Count is granted.
The Second Count of the complaint alleges a claim for a breach of a fiduciary duty based upon a failure to advise the plaintiff of various rights that she may have had. The Third Count alleges a claim of negligence and reckless conduct and the Fourth Count alleges a claim under the Connecticut Fair Trade Practices Act (General Statutes 42-110a et seq.) ("CUPTA"). The defendant has moved to strike the Second, Third and Fourth Counts asserting that the actions alleged in the complaint took place in 1985 and are therefore barred by the applicable Statutes of Limitation.
It is true that the complaint does not contain any specific factual allegations under which the Statute of Limitations would be tolled. However, the Second, Third and Fourth Counts all contain the allegation that "the defendant has continued to fraudulently conceal from the plaintiff" her rights concerning the transaction. If the court were to grant the Motion to Strike, the plaintiff would be deprived of an opportunity to file, in response to a special defense asserting the Statute of Limitations, any claims that the plaintiff may have concerning the tolling of the Statute. Any claims that the plaintiff may have with respect to the tolling of the Statute of Limitations would of course, need to comply with the principles as annunciated in such cases as Fichera v. Mine Hill Corporation, 207 Conn. 204 (1988).
The court therefore believes it is more appropriate to leave for future proceedings the determinations regarding the application of the Statutes of Limitation and any claims that the plaintiff may have with respect to conduct that may have tolled the Statutes.
Accordingly, the Motion to Strike the Second, Third and Fourth Counts is denied
RUSH, J.